**United States Bankruptcy Court**
**Northern District of Ohio**
**Eastern Division at Canton**

| | | |
|---|---|---|
| In re: | * | Case No. 16-62332 |
| | * | |
| Robert Edward Brown, Sr | * | |
| | * | Chapter 13 |
| | * | |
| | * | Judge Russ Kendig |
| Debtors | * | |
| | * | |

*****************************************************************

OBJECTION TO CLAIM AND NOTICE OF OBJECTION TO CLAIM

Now comes the debtor, Robert Edward Brown, Sr, through attorney, James F. Hausen, and objects to claim No. 11 filed herein by Paul Davis Restoration of Cleveland Metro West, Ltd, (PDR). The Debtor prays that the interest rate be reduced to 5.25% and PDR have a secured claim of $38,180 ($74,000 appraised value - $35,820 mortgage balance) for the following reasons:

11USC 1322(b)(2) states the plan may

"modify the rights of holders of secured claims, other than a claim secured only by a security interest in real estate property that is the debtor's principal residence…"

11USC101(50) defines security interest as a "lien created by an agreement".

11USC101(53) defines statutory lien as a "lien arising solely by force of a statue on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien".

It seems clear that when Congress wrote 11USC 1322(b)(2) and included the phrase "security interest", they meant the definition as stated in 11 USC 101(50). If Congress wanted to

include statutory liens as not being modified in 11USC 1322(b)(2), Congress would have defined statutory liens to include security interest in 11USC 101(53).

In the instant case, PDR's mechanics lien is a statutory lien since it was created by force of statue. 11USC 1322(b)(2) allows the debtor to modify the rights of a statutory lien. *See*, *In re Seel*, 22 B.R. 692,696(D. Kansas 1982).

Since 11USC 1322(b)(2) states that lien holders with a security interest on a Debtor's principal residence cannot be modified and PDR holds a statutory lien instead of a security interest per 11USC101(53), then the interest rate can be reduced set by the formula in Till v. SCS Credit Corp., 541 US 465(2004). This is pursuant to 11USC 1325(a)(5)(B).

Additionally, 11USC 506 (a) allows a lien to only be secured to the extent of the value in the real estate. Statutory liens are subject to 11USC 506 (a). *In re Lopez, 512 B.R. 663, 672(Bankr. D.N.J. 2015).*

Since the real estate was appraised at $74,000(see attachment) and the mortgage balance at the time of filing was $35,820(see attachment), the secured portion of PDR's claim should be $38,180.

PDR will argue that 11USC 1322(b)(2) does not allow its claim to be modified based on *In Re Johnson,* 160 B.R 800,803,(S.D. Ohio 1993), however the Court never analyzed the definition of security interest.

WHEREFORE, the Debtor prays that PDR's claim be secured only to $35,820 with the remaining balance be unsecured and that the interest rate be reduced to 5.25%.

/s/ James F. Hausen
James F. Hausen (0073694)
Attorney for Debtors
215 E. Waterloo Rd, Suite 17
Akron, OH 44319
Telephone: (234)-678-0626
Fax: 234-678-0638

## NOTICE OF OBJECTION TO CLAIM

Debtors have filed the above Objection to Claim.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before August 21, 2017, you or your lawyer must:

File with the court a written response to the objection, explaining your position, at:

Ralph Regula Federal Building and United States Courthouse
401 McKinely Ave, SW
Canton, OH 44702

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also mail a copy to:

Toby L. Rosen
Chapter 13 Trustee
400 W. Tuscarawas St
Charter One Bank Building, Suite 400
Canton, OH 44702

James F. Hausen
Attorney for Debtors
215 E. Waterloo Rd, Suite 17
Akron, OH 44319

## CERTIFICATE OF SERVICE

I certify that this Objection To Claim and Notice of Objection was electronically transmitted on or about July 21, 2017 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

Chapter 13 Trustee, Toby L. Rosen

      I further certify that the following received notice by regular US Mail at the specified address on the date first set forth above:

Law Offices of David M. Leneghan, Esq
200 Treeworth Blvd, Suite 200
Broadview Hts, OH 44147

                                    /s/ James F. Hausen
                                    James F. Hausen