**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:56 PM February 6, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT E. BROWN | ) | CASE NO. 16-62332-rk |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

# FACTS

Robert E. Brown ("Debtor") filed a petition for bankruptcy under Chapter 13 on November 13, 2016. Paul Davis Restoration of Cleveland Metro West Ltd. ("Creditor") filed proof of claim 11 on March 15, 2017, showing a debt owed of $61,291.14 at 18% interest, due to a mechanics lien on Debtor's residence. Debtor then filed an objection to the proof of claim on July 21, 2017, arguing that the secured claim should be crammed down to the equity in the residence remaining after the deduction of all senior liens, and that the interest rate should be lowered to that stated in In re Till. Creditor opposes the objection, and believes that its secured claim should be paid in full.

A hearing was held on the matter on November 8, 2017, and the parties agreed that the central question that would determine the legitimacy of the claim is whether a mechanics lien can be crammed down, or is subject to the anti-modification provisions of 11 U.S.C. § 1322(b)(2).

# DISCUSSION

The mechanic's lien is subject to cramdown – that is, it is not subject to the anti-modification provision – because it is a lien arising solely by force of statute and is not created by agreement.

11 U.S.C. 1322(b)(2) states that the Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in a real estate property that is the debtor's principal residence . . ." The Code has separate definitions for "security interest" and "statutory lien." The former is a "lien created by an agreement," whereas the latter is a "lien arising solely by force of a statute on specified circumstances or conditions . . . but does not include security interest or judicial lien. . . . " 11 U.S.C. 101(51); 11 U.S.C 101(53). A mechanic's lien, such as the one at issue in this case, arises solely by force of statute; namely, O.R.C. 1311.

The two categories of "security interest" and "statutory lien" are generally regarded as being mutually exclusive. See, e.g., Yarmouth Commons Ass'n v. Norwood, 2017 U.S. Dist. LEXIS 202265 (E.D. Mich.), at *16; In re Keise, 564 B.R. 255, 257 (Bankr. D.N.J. 2017); In re Prevo, 393 B.R. 464 (Bankr. S.D. Tx. 2008).

Though the concept has not been discussed very frequently in higher courts, the Third Circuit has explicitly found that statutory liens are not security interests for purposes of the anti-modification provision. Rankin v. DeSarno, 89 F.3d 1123, 1127 (3d Cir. 1996). The anti-modification provision of 1322(b)(2) has been described as having "no meaningful connection to nonconsensual liens that arise simply by operation of law." In re DeMaggio, 175 B.R. 144, 147 (Bankr. D.N.H. 1994); see also In re Seel, 22 B.R. 692, 696 (Bankr. D. Kan. 1982) ("Section 1322(b)(2) prohibits a debtor from modifying the rights of secured claimants with a security interest only in real property . . . The debtor in a chapter 13 case is permitted to modify the rights of all other holders of secured claims.") It is the nature of the lien, then – that is, whether it was

2

entered into consensually or arose automatically by operation of statute – that determines whether modification is permitted. Keise, supra, at 258.

Creditor points to several cases in support of the claim that a mechanic's lien is a security interest and thus protected by § 1332(b)(2), but none of these authorities are binding or persuasive. Creditor begins by citing to Nobelman v. American Saving Bank, 508 U.S. 324 (1993) for the proposition that all secured claims on a principal residence are subject to the 1322(b)(2) anti-modification protection. However, Nobelman deals specifically with mortgages, and only mortgages; the Supreme Court never reaches the broader issue of whether *other* forms of liens on the principal residence are protected. The same is true of the next case Creditor mentions, Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663 (6th Cir. 2002), which only examines § 1332(b)(2) in terms of its effect on unsecured mortgages.

Creditor points to In re Johnson, 160 B.R. 800 (S.D. Oh. 1993), as an instance of the Sixth Circuit speaking on whether mechanic's liens are subject to cramdown. Given the fact that Creditor did not provide the proper citation, the court cannot be certain that this is the case to which Creditor intended to refer. But if so, the attribution to the Sixth Circuit is erroneous; it is from the Southern District of Ohio. In any event, though the Johnson court does indeed say that "Debtors do not deny that [Creditor's] mechanic's lien is a security interest in . . . their principal residence," this assertion is mere dicta, as the Debtor conceded the point and did not challenge the Creditor's classification of the lien. Id. at 803.

Creditor does not deny that the claim at issue is a mechanic's lien that arose by operation of statute, nor that it is not the result of a consensual agreement with Debtor. As a statutory lien, Creditor's claim falls outside of the protection of 11 U.S.C § 1332(b)(2), and is subject to modification by Debtor.

The court will sustain Debtor's Objection Claim Number 11 by separate order.

#   #   #

**Service List:**

**Robert E. Brown**
7325 Palmer Road
West Salem, OH 44287

**James F. Hausen**
215 E. Waterloo Road
Suite 17
Akron, OH 44319

**Paul Davis Restoration of Cleveland**
17910 Pearl Rd
Strongsville, OH 44136

**David M. Leneghan**
200 Treeworth Boulevard
Suite 200
Broadview Heights, OH 44147

**Toby L. Rosen**
400 W. Tuscarawas Street
Citizens Bank Bldg., 4th Floor
Canton, OH 44702